THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIE CHENG, <br> HAOKUN CHENG, <br><br> Plaintiffs <br><br> V. <br><br> UNITED STATES DEPARTMENT OF STATE; <br><br> Serve: Executive Office <br> Office of the Legal Adviser <br> Suite 5.600 <br> 600 19th St. NW <br> Washington, DC 20522 <br><br> ANTONY BLINKEN, in his official capacity as United States Secretary of State <br><br> Serve: Executive Office <br> Office of the Legal Adviser <br> Suite 5.600 <br> 600 19th St. NW <br> Washington, DC 20522 <br><br> U.S. CONSULATE GENERAL GUANGZHOU, CHINA <br><br> Serve: Executive Office <br> Office of the Legal Adviser <br> Suite 5.600 <br> 600 19th St. NW <br> Washington, DC 20522 <br><br> and; <br><br> LISA K. HELLER, in her official capacity Consul General of the | CIVIL ACTION FILE NO: <br> 5:24-cv-4684 <br><br> PETITION FOR MANDAMUS <br> AND COMPLAINT FOR <br> DECLARATORY RELIEF <br> UNDER THE ADMINISTRATIVE <br> PROCEDURE ACT |

| | |
|---|---|
| Consulate General of the United States of America in Guangzhou, China | § § § |
| Serve: Executive Office<br>Office of the Legal Adviser<br>Suite 5.600<br>600 19th St. NW<br>Washington, DC 20522 | § § § § § § |
| Defendants | § § |

# PETITION FOR MANDAMUS AND COMPLAINT FOR DECLARATORY RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT

NOW comes the Plaintiffs, Jie Cheng and Haokun Cheng, in the above-captioned matter, and hereby states as follows:

1. This action is brought by Plaintiffs against the Defendants to compel the Department of State to review the previous records of the Plaintiffs' immigrant visa applications (NVC Number: GUZ2018762050) and render a decision on the Haokun Cheng's application pursuant to and/or consistent with Foreign Affairs Manual ("FAM"), specifically, 9 FAM 502.1-1(D)(4) which serves as an authoritative source to determine the Child Status Protection Act ("CSPA") issue for the Department of State and consular offices.

## PARTIES

2. Plaintiff Jie Cheng is a Chinese citizen and a U.S. permanent resident. His residential address in the United States is 3410 Montgomery Dr, Apt 543, Santa Clara, CA 95054.

3. Plaintiff Haokun Cheng is Plaintiff's Jie Cheng's child. He is a Chinese citizen in the United States with a valid non-immigrant status residing at 3410 Montgomery Dr, Apt 543, Santa Clara, CA 95054. Haokun applied for an immigrant visa as Jie's child dependent, but the application was denied in March 2023 by the US Consulate in Guangzhou (the "Guangzhou Consulate"). The immigrant visa case number is GUZ2018762050.

4. Defendant the Department of State (the "DOS") is the agency of the United States government involved in the acts challenged. It employs the officers named as defendants, including the Defendant Guangzhou Consulate and the officers named as defendants in this complaint. Defendant the DOS is also responsible for interpreting U.S. visa laws, including the application of the CSPA in immigrant visa issuance.

5. Defendant Antony Blinken, the Secretary of State, is the highest-ranking official within the DOS. Blinken is responsible for the implementation of the Immigration and

   Nationality Act (the "INA") and for ensuring compliance with applicable federal laws, including the Administrative Procedure Act ("APA"). Blinken is sued in his official capacity as an agent of the government of the United States.

6. Defendant U.S. Consulate General in Guangzhou, China ("Guangzhou Consulate") is a component of the DOS that is responsible for processing visa applications and implementing U.S. visa related laws in China, including the application of the CSPA in immigrant visa issuance.

7. Defendant Lisa Heller is the Consul General of Guangzhou Consulate, and this action is brought against her in her official capacity as an agent of the government of the United States.

## BACKGROUND - STATUTORY AND REGULATORY FRAMEWORK FOR CSPA IN VISA ADJUDICATIONS

8. The Immigration and Nationality Act ("INA") governs visa processing and confers upon consular officers exclusive authority to review applications for visas.

9. Pursuant to INA §203(b)(1)(A), a non-US citizen may file an employment-based immigrant petition (I-140) to immigrate to the United States. The non-US citizen's spouse and children are eligible to apply for immigrant visas as the primary applicant's family members. INA §101(b)(1) defines a child as a person who is unmarried and under 21 years old.

10. Congress recognized that many children were aging out due to large processing backlogs in U.S. government and agencies, so it enacted the Child Status Protection Act (CSPA) to protect certain children from aging out. The CSPA went into effect on August 6, 2002. The purpose of the CSPA is to alleviate the hardships faced by certain applicants who were previously classified as children for immigrant visa purposes, but who, due to the time required to adjudicate petitions, had turned 21 years old and consequently became ineligible to receive such immigrant visas.

11. The CSPA applies to those applicants in certain classifications of immigrant petitions, including employment-based immigrant petition (I-140).

12. Pursuant to INA §203(h)(2), a determination of CSPA age shall be made using: (A) the age of the alien on the date on which an immigrant visa number becomes available for such alien, but only if the alien has sought to acquire the status of an alien lawfully admitted for permanent residence within one year of such availability; reduced by (B) the number of days in the period during which the applicable petition described in paragraph (2) was pending.

13. Both U.S. Citizenship and Immigration Services (USCIS) and the DOS issued and updated their policy guidance related to the implementation of CSPA rule in practice

from time to time. Specifically, the Department of State issues Foreign Affairs Manual (FAM) and associated Handbooks (FAHs) as authoritative sources for the Department's policies and procedures. The FAM and FAHs together convey codified information to Department staff and contractors so they can carry out their responsibilities in accordance with statutory, executive and Department mandates.

14. Under the Administrative Procedure Act ("APA") §702, a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. APA§704 further stipulates that federal government agency actions made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.

## JURISDICTION

15. This Court has jurisdiction pursuant to 8 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1361 (jurisdiction over actions for mandamus), and 28 U.S.C. §1651 (all writs act). Jurisdiction is also conferred by 5 U.S.C. § 555(b), §702 and §704, the Administrative Procedure Act (APA). Relief is requested pursuant to said statutes.

## VENUE

16. Venue is proper in this court, pursuant to 28 USC §1391(e), because (1) this is an action against officers and agencies of the United States in their official capacities, (2) no real property is involved in this action, and; (3) the Plaintiffs reside within this district.

## EXHAUSTION OF REMEDIES

17. Plaintiffs have exhausted their administrative remedies. Plaintiffs have, on their own and through their attorney, made several inquiries to the Guangzhou Consulate and requested reassessment on the denied application. The inquiries claimed Haokun's eligibility for an immigrant visa as Jie Cheng's child, citing the latest FAM provisions related to the CSPA rule which are favorable to Plaintiffs. The Consulate sustained the previous denial decision and stated that no further action could be taken on this case.

18. Further, Plaintiffs' attorney contacted LegalNet, the Office of the Legal Adviser for Consular Affairs at the Department of State, for a clarification on interpretation of the CSPA rule in FAM provisions. LegalNet explained general CSPA rules under the INA 203(h) with a conclusion that Haokun is not considered a child and not eligible for an immigrant visa as a derivative applicant. However, LegalNet did not interpret or cite the relevant FAM provisions in its response, although Plaintiffs specified that their analysis and reasoning were based on the FAM provisions.

## STATEMENT OF FACTS

19. Plaintiff Haokun Cheng is the son of Plaintiff Jie Cheng and he was born on December 11, 1996 in China mainland.

20. Pursuant to INA 203(b)(1)(A) and 8 CFR §204.5(h), Plaintiff Jie Cheng filed an I-140, an employment-based immigrant petition to USCIS on November 10, 2017;

21. His I-140 petition was approved on August 16, 2018 after pending in USCIS for 279 days. The priority date of Mr. Cheng is November 10, 2017 ("Priority Date");

22. Plaintiffs received an invoice from the National Visa Center ("NVC") following the I-140 case approval. They paid immigrant visa fees and submitted DS-260 forms on the Consular Electronic Application Center ("CEAC"). CEAC record shows that the immigrant visa fees for the Plaintiffs' visa applications were processed on November 6, 2018.

23. Due to the processing backlog in the Guangzhou Consulate, Plaintiffs was scheduled an immigrant visa interview at the Consulate in March 2023. Haokun's application was denied at the interview because the Consulate determined that the CSPA was inapplicable to the case and Haokun was no longer qualified for an immigrant visa as a derivative applicant because he was over 21 years old.

24. In January 2024 and March 2024, the Plaintiffs' attorney contacted the Guangzhou Consulate requesting the Consulate to review and reconsider the application.

25. On March 28, 2024, the Guangzhou Consulate concurred its previous filing that Haokun could not benefit from CSPA. The Consulate used August 1, 2020 as the date of visa availability for the purpose of calculating his CPSA age.

26. On April 1, 2024, the Plaintiffs' attorney contacted LegalNet for a further explanation on the CSPA rules in FAM.

27. On May 8, 2024, LegalNet responded to the Plaintiffs' attorney stating that Haokun does not qualify as a child based on the CSPA age adjustment. The response cited August 1, 2020 as the date of visa availability to reach the conclusion, regardless of the request from Plaintiffs' attorney to interpret the rules under 9 FAM 502.1-1(D)(4).

## LEGAL ANALYSIS

28. When the primary applicant's priority date is before the cutoff date on the Final Action Dates chart or when the cutoff date in the Final Action Dates chart is current in the visa bulletin announced by the DOS, an immigrant visa is available to the applicant. The Consulate will schedule an interview and issue immigrant visa(s) after a visa number becomes available.

29. Since November 2017 when Plaintiff Jie Cheng filed his I-140 petition, there have been significant changes in the DOS's visa bulletins. The cutoff dates in the Final Action Dates chart for I-140 in the first preference category (EB-1) petitioners born in China mainland encountered changes as follows:

    - From November 2017 to March 2018, the cutoff date showed "current";
    - In April 2018, the visa retrogressed and the cutoff date became January 1, 2012;
    - From April 2018 to July 2020, the cutoff dates remained prior to the Plaintiffs' Priority Date;
    - In August 2020, the cutoff date turned to February 8, 2018, later than the Plaintiffs' Priority Date. This was the first time when the cutoff date became later than the Plaintiffs' Priority Date since the visa retrogression in April 2018; and
    - After August 2020, the cutoff date has remained later than the Plaintiffs' Priority Date.

30. Pursuant to INA §203(h) and 9 FAM 502.1-1(D)(2), the benefits under the CSPA apply to employment-based immigration petition. An applicant's CSPA age is: (A) the age of the alien on the date on which an immigrant visa number becomes available for such alien, but only if the alien has sought to acquire the status of an alien lawfully admitted for permanent residence within one year of such availability; reduced by (B) the number of days in the period during which the applicable petition described in paragraph (2) was pending.

31. INA does not clarify how to determine the date when an immigrant visa number becomes available. However, the FAM gives more detailed guidance in this regard which should be regarded as authoritative resources for the consular officer to adjudicate the visa application.

32. 9 FAM 502.1-1(D)(4)(a)(2) stipulates that, the "CSPA age" is determined on the date that the visa became available (**i.e., the date on which the priority date became current in the Final Action Dates chart in the Visa Bulletin or the date on which the petition was approved, whichever came later**). 9 FAM 502.1-1(D)(4)(b) further instructs that: "(t)o determine when a visa becomes available (or current) in a case where the petition was approved, you (the officer) need to refer to the Final Action Dates chart in the monthly Visa Bulletin by the applicant's priority date, preference category, and country of chargeability. If a category is oversubscribed, then the visa becomes available on the first day of the month in which the applicant's priority date is earlier than the cut-off date listed in the applicant's preference category and country of chargeability in the Final Action Dates chart. **If a category is not oversubscribed (indicated by "C" in the Final Action Dates chart in the Visa Bulletin), then a visa becomes available on the same date when the petition is approved.**"

33. The plain languages in FAM indicates that the date of visa availability is "the date on which the priority date became current in the Final Action Dates chart in the Visa Bulletin or the date on which the petition was approved, **whichever came later**". It can be inferred from the sentence that **the date when a priority date became current in the Final Action Dates chart in a visa bulletin could be either earlier or later than the**

      **approval date of the underlying petition.** The languages clearly express that the visa bulletins when the underlying petition was pending should be taken into account in determination of visa availability date for the purpose of CSPA age calculation.

34. In the Plaintiffs' case, the date on which their priority date first became current in the Final Action Dates chart in the visa bulletin was November 10, 2017, when Plaintiff Jie Cheng filed his I-140 petition. The approval date of the underlying I-140 petition is August 16, 2018. The approval date came later than the Priority Date. Therefore, pursuant to 9 FAM 502.1-1(D)(4), the date of visa availability for Plaintiffs is August 16, 2018, the same date when the underlying I-140 petition was approved.

35. Haokun's date of birth is December 11, 1996. His age on the date of visa availability was 21 years, 8 months and 5 days. The petition was filed on November 10, 2017 and approved on August 16, 2018. The period of time the petition was pending with USCIS was 9 months and 12 days (279 days). Subtracting the CSPA age adjustment period of 279 days from Haokun's true age of 21 years, 8 months and 5 days, his CSPA age has been locked under 21 years old. Consequently, he should receive the immigrant benefits as a dependent of Jie Cheng under CSPA rule and has his immigrant visa approved.

36. The Guangzhou Consulate determined that the date of visa availability for the Plaintiffs' family is August 1, 2020, when a visa became available again subsequent to the visa retrogression in April 2018. The determination is not consistent with the plain language of the FAM provisions. With the incorrect date of visa availability, the Consulate determined Haokun's CSPA age as 22 years, 10 months, and 10 days, over 21 years old. The Consulate did not consider the fact that a visa number was available for the Plaintiffs when the underlying I-140 petition was pending in USCIS.

**DEMAND FOR RELIEF**

37. WHEREFORE, in view of the arguments and authority noted herein, the Plaintiffs respectfully requests that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

    a. requiring Defendants to use 9 FAM 502.1-1(D)(4) provisions to adjudicate Mr. Hao Cheng's visa application;
    b. specifically, requiring Defendants to use August 16, 2018 as the date when a visa became available to determine Haokun's eligibility for CSPA benefits; and/or
    c. granting such other relief at law and in equity as justice may require.

Respectfully submitted,

Law Offices of Liaoteng Wang
Attorneys for Plaintiff

/s/ Liaoteng Wang_____
Liaoteng Wang
1082 Cardinal Way,
Palo Alto, CA, 94303
Email: wang@101legal.com
Tel: (650)326-3476

Zhang and Associates P.C.
Attorneys for Plaintiff (*Pro Hac Vice*)

/s/ Jerry Zhang_____
Jerry Zhang
9999 Bellaire Blvd,
Suite 920, Houston, TX 77036
Email: jzhang@hooyou.com
Tel: (713)771-8433